PER CURIAM.
Amedex International Corp. [Amedex] and USA Medical Services [USA], two Florida corporations domiciled in Dade County, appeal from a nonfinal order denying their motion to dismiss on the basis of forum non conveniens.[1] We affirm.
Amedex and USA, working out of Dade County, service customers who have purchased health insurance policies from Win-terthur International, Ltd. [Winterthur], a Bermudian insurance company that is wholly owned by a Swiss corporation. Winterthur issues health insurance policies to residents of Latin America and the Caribbean. The policies all have forum selection clauses that require disputes with Winterthur to be resolved in Bermuda. Winterthur, originally a defendant in this action, was dismissed as a party based upon that clause.
Amedex and USA entered into an agency agreement with Winterthur by which the Florida companies, from Dade County, would solicit, procure and issue the policies; rate the policies; forward the applications; collect the premiums; adjust the claims; pay or deny the claims; and communicate with the insureds. All of the claims alleged in this action against Amedex and USA are based upon the companies’ performance of administrative acts on behalf of Winterthur here in Dade Countys Plaintiffs alleged that the companies, as representatives of an insurer that was not authorized to engage in insurance transactions in Florida, were liable under section 626.901(2), Florida Statutes (1995), for the amount of claim or loss not paid.
Amedex and USA moved to dismiss the actions on the basis of forum non conveniens as set forth in Kinney System v. Continental Ins. Co., 674 So.2d 86 (Fla.1996) and the rule subsequently fashioned by the Florida Supreme Court to comport with Kinney• — Fla. R.Civ.P. 1.061, alleging that: 1) an adequate alternative forum, Bermuda, existed; 2) the balance of private interests weighed in favor of the defendants because the plaintiffs were from different countries and their claims, along with the proofs related to those claims, arose in multiple jurisdictions; 3) Florida courts had no interest in the resolution of this dispute; and 4) the suit, if dismissed in Florida, could be reinstated in a Bermudian court without undue inconvenience or prejudice. The court denied the motions as to all three plaintiffs.
The trial court acted well within its discretion in denying the motion to dismiss. The Florida companies had an agency relationship with Winterthur; Winterthur relied upon them to conduct, from Dade County, all of its business with customers in Latin America and the Caribbean. The plaintiffs allege a violation of a Florida statute that prohibits representing or aiding unauthorized insurers; *838 Winterthur is not authorized to conduct insurance transactions in Florida.[2] All of the claims for denial of insurance benefits arose from actions taken by Amedex and USA in Dade County; some of the claims even involve the nonpayment of allegedly covered medical expenses owed to physicians and hospitals located in Dade and Broward Counties. None of the evidence is located in Bermuda.
The plaintiffs are not suing the Florida companies to enforce the insurance contract with Winterthur; those claims were properly dismissed under the policies’ forum selection clauses. However, Florida courts have a strong interest in enforcing its laws governing insurance.
For all of the reasons stated above, the trial court’s order fully comports with the elements of Fla.R.Civ.P. 1.061 and Kinney System v. Continental Ins. Co., 674 So.2d 86 (Fla.1996).
AFFIRMED.

. Three cases brought by three different plaintiffs were consolidated for this appeal. All plaintiffs are foreign nationals who purchased insurance policies abroad.

. This opinion should not be read to comment on the merits of plaintiffs’ claims.